IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMY WILLIAMS,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:21-cv-00105-N (BT) |
| | § | |
| TAMMY KEMP, et al.,<br>    Defendants. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Tommy Williams, a former inmate at the Dallas County Jail. On March 10, 2021, the Court granted Williams's motion for leave to proceed *in forma pauperis* and mailed him a copy of the order. (ECF No. 10). On March 25, 2021, the mail was returned to the Court as undeliverable as addressed and unable to forward. (ECF No. 11.) On April 6, 2021, the undersigned magistrate judge issued findings and conclusions, recommending that William's case be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) because this Court was unable to communicate with him. (ECF No. 12). On April 27, 2021, the Court received correspondence from Williams with a return address matching the address he provided for the Dallas County Jail. (ECF No. 13.) Then, on April 29, 2021, the undersigned magistrate judge entered an order vacating her findings, conclusions, and recommendation and mailed Williams a copy of the order. (ECF No. 14.) On May 18, 2021, the mail was returned to the Court as undeliverable as addressed

because the addressee was no longer at the Dallas County Jail. (ECF No. 15.) Now, several more weeks have passed and Williams has failed to provide the Court with a current address. Therefore, this case should be dismissed without prejudice pursuant to Rule 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, this litigation cannot proceed because Williams has failed to keep the Court apprised of his current address. Williams filed this case on January 15, 2021, when he was in custody at the Dallas County Jail. The Court mailed Williams Instructions to a Prisoner *Pro Se* Plaintiff, which advised him: "You must notify the Court if your address changes, or your case may be dismissed." (ECF No. 2.) The Court also mailed Williams two orders advising him of various deficiencies in his pleadings and that he had not paid the filing fee or filed a motion for leave to proceed *in forma pauperis*. (ECF Nos. 5, 8.) Williams addressed the identified

2

deficiencies and filed an amended complaint on the approved form, which further reminded him of his obligation to keep his address current. (ECF No. 6 at 2) ("CHANGE OF ADDRESS. It is your responsibility to inform the court of any change of address and its effective date. . . . Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure."). Williams also signed the amended complaint underneath several declarations, including one that provided: "I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit." (*Id.* at 5).

On March 10, 2021, the Court mailed Williams the order granting his motion to proceed *in forma pauperis*. (ECF No. 10.) But that mail was returned to the Court marked, "Return to Sender – Not in Dallas County Jail – Insufficient Address – Unable to Forward." (ECF No. 11 at 1.) Thereafter, on April 29, 2021, the Court mailed Williams the order vacating the magistrate judge's April 6, 2021 findings, conclusions, and recommendation. (ECF No. 14.) However, that mail also was returned to the Court marked, "Return to Sender – Not in Dallas County Jail." (ECF No. 15 at 1.) Williams has failed to provide the Court with a current address, and the Court is unable to communicate with him regarding his case. By failing to provide the Court with a current address, Williams has failed to comply with a court order and failed to prosecute his lawsuit. Dismissal without prejudice is warranted under these circumstances.

The Court should dismiss Williams's case without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed June 4, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).